ACCEPTED
15-24-00123-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/16/2024 3:01 PM
CHRISTOPHER A. PRINE
CLERK

Justices

KEN WISE
KEVIN D. JEWELL
FRANCES BOURLIOT
JERRY ZIMMERER
CHARLES A. SPAIN
MEAGAN HASSAN
MARGARET "MEG" POISSANT
RANDY WILSON



**Fourteenth Court of Appeals**

301 Fannin Room 245
Houston, Texas 77002

Chief Justice
TRACY CHRISTOPHER

Clerk
CHRISTOPHER A. PRINE
Phone: 713/274-2800

www.txcourts.gov/14thcoa

RECEIVED
15TH COURT OF APPEALS
AUSTIN, TX

*December 16, 2024*

CHRISTOPHER A. PRINE
CLERK OF COURT

December 16, 2024

The Honorable Christopher A. Prine
Clerk of the Fifteenth Court of Appeals
P.O. Box 12852
Austin, TX 78711
* DELIVERED VIA EMAIL *

RE:   Response to the Fifteenth Court of Appeals' Denial of Appellees' Motion to
      Transfer to the First or Fourteenth Court of Appeals
      Court of Appeals No.:     15-24-00123-CV
      Trial Court Case No.:     22-CV-0360

Style:  Patrick Kelley and PMK Group, LLC
        v. Richard Homminga and Chippewa Construction Co., LLC

Dear Mr. Prine:

The Court was notified on December 4, 2024, that the Fifteenth Court of
Appeals had decided to deny the appellees' motion to transfer *Kelley v. Homminga*,
Cause No. 15-24-00123-CV, to the First or Fourteenth Court of Appeals. In
accordance with Texas Rule of Appellate Procedure 27a(c)(1)(C), we write to
explain why we disagree with that decision.

With certain exceptions, "each court of appeals has appellate jurisdiction of
all civil cases within its district of which the district courts or county courts have
jurisdiction when the amount in controversy or the judgment rendered exceeds
$250, exclusive of interest and costs." TEX. GOV'T CODE § 22.220(a). But "[t]he
Fifteenth Court of Appeals District is composed of all counties in this state." *Id.*
§ 22.201(p). Thus, if a civil appeal is subject to the jurisdiction of any intermediate
appellate court, then the appeal is within the concurrent jurisdiction of the Fifteenth
Court of Appeals. *See id.* § 22.220(a). In addition, the Fifteenth Court of Appeals
has exclusive appellate jurisdiction over appeals from the business court, as well as

over certain cases involving an arm or agent of the executive branch or challenging the constitutionality or validity of a state statute or rule. *See id.* §§ 22.220(d), 25A.007. It is undisputed that the appeal at issue here is within the Fifteenth Court of Appeals' general appellate jurisdiction, not its exclusive jurisdiction.

In creating the Fifteenth Court of Appeals, the legislature directed the Supreme Court of Texas to adopt rules for "transferring an appeal *inappropriately* filed in the Fifteenth Court of Appeals to a court of appeals with jurisdiction over the appeal." TEX. GOV'T CODE § 73.001(c)(1) (emphasis added). The resulting rule provides a procedure for transferring an appeal "*improperly* taken to the Fifteenth Court of Appeals." *See* TEX. R. APP. P. 27a(b)(1)(A) (emphasis added).

The appellees have moved to transfer the appeal to the First or Fourteenth Court of Appeals on the ground that the appeal does not lie within the Fifteenth Court of Appeals' exclusive jurisdiction and, contrary to the appellants' contention, the appeal is not "aligned with [the Fifteenth Court of Appeals'] specialization in complex business disputes." Thus, we understand the appellees' position to be, first, that an "inappropriately filed" appeal is one over which the Fifteenth Court of Appeals lacks exclusive jurisdiction, and second, that this appeal does not require the Court's specialized expertise in complex business disputes. We agree with both of those contentions.

## A. The appeal was inappropriately filed in, or improperly taken to, the Fifteenth Court of Appeals.

Neither the legislature nor the Supreme Court of Texas has identified the characteristics of an appeal "inappropriately filed" in, or "improperly taken" to, the Fifteenth Court of Appeals so as to make the appeal subject to transfer. After considering the various possibilities, we conclude that the only construction that makes sense is that an appeal is inappropriately filed in the Fifteenth Court of Appeals if that court lacks exclusive jurisdiction over it.

The Supreme Court of Texas has not determined whether the expression "exclusive jurisdiction," as used in S.B. 1045, entails subject-matter jurisdiction such that the resolution of the appeal by a different intermediate appellate court would be void. *See In re Dallas County*, 697 S.W.3d 142, 161 n.11 (Tex. 2024) (orig. proceeding). It has stated, however, that "[i]f a case that *should* be transferred to the Fifteenth Court is retained and resolved by a different court of appeals, without objection from either party or that court, it would amount to an error of law." *Id.* Because an "inappropriately filed" appeal is properly subject to transfer,

and the transfer would not constitute an error of law, an "inappropriately filed" appeal must be one over which the Fifteenth Court of Appeals lacks exclusive jurisdiction.

Referring to appeals over which the Fifteenth Court of Appeals has only general jurisdiction as "inappropriately filed" with that court makes sense when one considers that an average of around 5,000 civil cases are filed in the Texas intermediate appellate courts every year, many of which are appeals[1]—and the Fifteenth Court of Appeals has concurrent jurisdiction over every one of them. If appeals over which the Fifteenth Court of Appeals has only concurrent jurisdiction can properly be filed in that court, then those cases cannot be transferred as "inappropriately filed." The appeals would remain with the Fifteenth Court of Appeals, and the Supreme Court of Texas is specifically prohibited from transferring appeals from the Fifteenth Court of Appeals for docket equalization purposes. This would be an unworkable situation.

It is therefore appropriate and proper to file a civil appeal in the regional intermediate appellate court rather than in the Fifteenth Court of Appeals, absent some reason such as exclusive jurisdiction or an agreement between the parties. Considering the alternative, it makes sense that the absence of exclusive jurisdiction in the Fifteenth Court of Appeals is both a necessary and sufficient basis on which to determine that a civil appeal was "inappropriately filed" in that court.

Because the Fifteenth Court of Appeals lacks exclusive jurisdiction over this appeal, we conclude that the motion to transfer *can* properly be granted, and we turn next to the question of whether the remaining prerequisites to transfer have been satisfied.

## B. The appellants failed to raise meritorious objections, and this Court agrees to the transfer.

The Fifteenth Court of Appeals may transfer an improperly taken appeal on the motion of a party, or on its own motion, if two conditions are met: (1) no party files a timely, meritorious objection to the transfer; and (2) the transferee court agrees to the transfer. *See* TEX. R. APP. P. 27a.

The first condition is met, because although the appellants in this case timely responded to the motion to transfer, their objections are not meritorious.

---

[1] See Annual Statistical Report for the Texas Judiciary, FY 2023, https://www.txcourts.gov/statistics/annual-statistical-reports/2023/. The report does not distinguish appeals from original proceedings.

The appellants first acknowledge that the Fifteenth Court of Appeals does not have exclusive jurisdiction over the appeal, but that is undisputed.

Second, the appellants state that the appellees do not, and cannot, rely in their motion to transfer on the ground that this appeal was inappropriately filed or improperly taken to the Fifteenth Court of Appeals. For the reasons previously explained, we disagree. The appellees' arguments are based on the assumption that a civil appeal is improperly taken to the Fifteenth Court of Appeals if the Court lacks exclusive jurisdiction. That assumption is correct.

Third, the appellants state that if appellate courts have concurrent jurisdiction, then the appellants choose the court to which they appeal (unless the courts with concurrent jurisdiction are the First and Fourteenth Courts of Appeals, to which appeals are randomly assigned). But that is not a meritorious objection as applied to cases filed in the Fifteenth Court of Appeals. Under the rule governing transfers, an appeal "improperly taken to the Fifteenth Court of Appeals" remains where it was filed unless the court or a party seeks a transfer. *See* TEX. R. APP. P. 27a. If that happens, then as stated above, the appeal may be transferred if there is no timely meritorious objection and the transferee court agrees to the transfer. If the mere fact that the appellant chose to file the appeal in the Fifteenth Court of Appeals were a meritorious objection to transfer—that is, if the appellate courts were simply to defer to the appellants' choice to take an appeal to the Fifteenth Court of Appeals—then the Fifteenth Court of Appeals could not transfer any case. The purpose of the motion to transfer is to override the appellants' choice.

The remainder of the appellants' response are not truly objections. They clarify that they do not contend that the case, if brought today, could properly have been litigated in a Texas business court, and they state that they will address the merits of the appeal in their brief. Finally, the appellants suggest that the Fifteenth Court of Appeals carries the motion to transfer with the case or set a special briefing schedule and hear argument on the motion. But, these suggestions are incompatible with Texas Rule of Appellate Procedure 27a, which governs the procedure for deciding the motion to transfer.

Because none of these is a meritorious objection, and because we agree to the transfer of this appeal to the Fourteenth Court of Appeals, both preconditions to transfer are satisfied.

The only remaining question is whether the Fifteenth Court of Appeals should grant the motion.

## C. Motions to transfer appeals improperly taken to the Fifteenth Court of Appeals should be routinely granted.

Texas Rule of Appellate Procedure 27a says that the Fifteenth Court of Appeals "may" transfer an appeal where, as here, all preconditions for transfer are satisfied. The use of the word "may" indicates that the decision to transfer is discretionary. S.B. 1045 and Rule 27a provide little guidance on how that discretion is to be exercised, but we know that "a motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139, 126 S. Ct. 704, 710, 163 L. Ed. 2d 547 (2005).

The question then becomes one of identifying the legal principles that should guide the decision to transfer (or in the transferee court's position, the decision to refuse a transfer), so that similar results are reached in similar appeals. And inasmuch as the Fifteenth Court of Appeals shares concurrent jurisdiction over civil appeals with every other intermediate appellate court, it seems best to grant a motion to transfer an inappropriately filed appeal absent some specific reason to deny the motion.

This approach certainly would be more favorable to the Fifteenth Court of Appeals' mission. The Court was created so that appeals of statewide importance would be decided by justices selected on a statewide basis rather than from a more limited geographic region. The Court exercises exclusive jurisdiction over certain kinds of civil appeals, and because it has general jurisdiction, it also can decide appeals that are companion cases to those within its exclusive jurisdiction, or that should be consolidated with them, or have some other relationship to such cases. Equally important, the Fifteenth Court of Appeals' general jurisdiction allows it to hear appeals submitted to it by agreement of parties wishing to avail themselves of the Court's specialized expertise in complex business disputes, regardless of whether the appeal relates to a matter within the Court's exclusive jurisdiction.

But although the Fifteenth Court of Appeals can decide every civil appeal that another intermediate appellate court can, that is not reason enough to do so.

The First through Fourteenth Courts of Appeals can be expected to routinely transfer to the Fifteenth Court of Appeals those civil appeals over which that court

has exclusive jurisdiction and to accept transfers from that court, absent some valid reason to decline transfer of a specific case. If only as a matter of resource allocation, the Fifteenth Court of Appeals should likewise routinely grant motions to transfer, absent a valid reason to deny the motion in a specific case.

The deadlines that apply to a motion to transfer support this conclusion. When a motion to transfer is contested, the transferor must notify the transferee court of its decision, whereupon the transferee court has just twenty days to respond, "explaining whether it agrees with the transferor court's decision." TEX. R. APP. P. 27a(c)(1)(C). If the courts disagree, then the transferor court must forward to the Texas Supreme Court the documents required for that court to decide the motion. TEX. R. APP. P. 27a(d). The documents to be forwarded include a letter explaining the transferor court's decision, and absent exceptional circumstances, the documents are to be submitted to the Supreme Court within twenty days after receipt of the transferee court's letter. *Id.* The brief twenty-day deadlines for each court to explain its position is a further indication that a contested motion to transfer should be granted, and the transfer accepted, unless there is some reason to do otherwise.

Inasmuch as we can identify no reason why this appeal should not be governed by such a general rule, we respectfully disagree with the Fifteenth Court of Appeals' decision to deny the motion.

Respectfully submitted,

*Tracy Christopher*

Chief Justice Tracy Christopher
Fourteenth Court of Appeals

cc:     Kelley Clark Morris (DELIVERED VIA E-MAIL)
        David Funderburk (DELIVERED VIA E-MAIL)
        Jordan Elton (DELIVERED VIA E-MAIL)
        Diane S. Davis (DELIVERED VIA E-MAIL)
        Bradley W. Snead (DELIVERED VIA E-MAIL)
        Andrew Mytelka (DELIVERED VIA E-MAIL)
        Todd C. Collins (DELIVERED VIA E-MAIL)
        Victoria Rutherford (DELIVERED VIA E-MAIL)

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 95363391
Filing Code Description: Letter
Filing Description: Letter to 15th COA
Status as of 12/16/2024 3:06 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Funderburk | 7547550 | dfunderburk@ffllp.com | 12/16/2024 3:01:33 PM | SENT |
| Bradley W.Snead | | snead@wrightclosebarger.com | 12/16/2024 3:01:33 PM | SENT |
| Kelly ClarkMorris | | morris@wrightclosebarger.com | 12/16/2024 3:01:33 PM | SENT |
| Andrew J.Mytelka | | amytelka@greerherz.com | 12/16/2024 3:01:33 PM | SENT |
| Angie Olalde | | aolalde@greerherz.com | 12/16/2024 3:01:33 PM | SENT |
| Victoria Rutherford | | vrutherford@greerherz.com | 12/16/2024 3:01:33 PM | SENT |
| Jordan RaschkeElton | | jraschkeelton@greerherz.com | 12/16/2024 3:01:33 PM | SENT |
| Todd Collins | | tcollins@ffllp.com | 12/16/2024 3:01:33 PM | SENT |
| Diane  S.Davis | | ddavis@ffllp.com | 12/16/2024 3:01:33 PM | SENT |